REGAN, Judge.
The plaintiff, Wesley J. Moreau, a carpenter, instituted this suit against the defendants, Housemaster Corporation, his employer, and its insurer, the Maryland Casualty Company, endeavoring to recover workmen’s compensation at the rate of $30 per week for a period of four hundred weeks, subject to a credit of twenty-two weeks, and 20% attorney’s fees for total permanent disability as a result of an injury suffered on June 24, 1953, to his right hand while operating a skill saw in the course of his employment.
Defendants answered admitting the occurrence of the accident, but denying that plaintiff was totally and permanently disabled as a result thereof.
From a judgment in favor of defendants dismissing plaintiff’s suit, he has prosecuted this appeal.
The record reveals that on June 24, 1953, plaintiff incurred the following injuries to his right hand:
“(1) To the thumb. — Lacerations and incomplete fracture (a crack) of the proximal phalanx.
“(2) To the back of the hand.— Lacerations below the second and third1 fingers, fracture of distal end of the second metacarpal (the bone leading to the index finger) and the severance of the extensor indicus proprius (the tendon that extends or pulls the index finger straight.)”
The plaintiff was treated for his injuries by Drs. Battalora and Pollingue, orthopedic surgeons. On December 3, 1953, plaintiff was discharged as well and able to resume his occupation as a carpenter.
The only question which was posed for the trial’s consideration and which is again posed for our consideration is one of fact and that is whether plaintiff is totally and permanently disabled as a result of the injury incurred on the aforementioned date?
The dispute between the respective litigants emanates from plaintiff’s insistence *571 that, he can only flex or bend his right thumb within fifteen percent degrees of normal flexion. He contends that he has lost fifteen percent inflexion in the inter-phalangeal joint of his thumb and that this loss makes him totally and permanently disabled.
The medical testimony reflected by the record preponderates to the effect that the plaintiff may, if he chooses, resume his occupation as a carpenter. Dr. Joel Gray, his own physician, a general practitioner, was the only expert who expressed an adverse opinion, however, we are in full accord with the observations of the trial judge in this respect who, during the course of his written reasons for judgment, remarked:
“The opinion of Doctors Soboloff and Battalora and Pollingue * * * show that he (plaintiff) is able to return to his employment. Dr. Soboloff is of the opinion that the disability suffered by the plaintiff is a permanent disability of ten percent of the thumb in relation to the hand, or five percent of the thumb in relation to the upper extremity as a whole. Dr. Pollingue states that the plaintiff will have some disability referable to this injury, which will not exceed ten percent of the hand, arid this ten percent maximum will be permanent.
“All doctors, however, agree that the plaintiff can resume his occupation as a carpenter in spite of this disability. Since the compensation paid to the plaintiff exceeds the amount that may be awarded on a ten percent disability of the hand, the court is constrained to dismiss plaintiff’s action; * *
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.